Edna BLUNT, Plaintiff–Appellant,

v.

Greg MCKINSTRY and Jack Takerian, Defendants–Appellees.

No. 00–3938.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 13, 2002.

Decided Dec. 16, 2002.

Before HPOSNER, COFFEY, and MANION, Circuit Judges.

## ORDER

Edna Blunt lost her job as the manager of a senior center run by Milwaukee County in Wisconsin. She sued supervisor Jack Takerian and human resources director Greg McKinstry alleging two claims under 42 U.S.C. § 1983: first, that the defendants fired her without a pre-termination hearing in violation of her Fifth and Fourteenth Amendment right to due process; and second, that her firing was in retaliation for filing claims of race, sex, age, and disability discrimination with both the Equal Employment Opportunity Commission ("EEOC") and the Wisconsin Equal Rights Division ("ERD"). Following trial, the district court entered judgment against Blunt. We affirm.

In 1991 Blunt became the manager of a Milwaukee senior center. Six years later, she filed charges with the EEOC and the ERD, alleging race, sex, and disability discrimination, although the record does not reflect what acts Blunt claimed occurred. The following year Blunt filed a second charge, this time alleging age discrimination and retaliation–again, we can find no record of what acts allegedly occurred. The ERD issued a determination that no probable cause of race, sex, or disability discrimination existed, but it is not apparent from the record what other actions, if any, the EEOC or ERD took, or whether Blunt ever filed suit based upon these charges.

On March 23, 1998, several months after filing the second charge of discrimination, Blunt attended a meeting called by defendants Takerian and McKinstry. The parties dispute what occurred at the meeting.

Blunt alleges in her complaint that the defendants fired her during this meeting without first conducting a pre-termination hearing. The defendants testified at trial, however, that they did not fire Blunt on March 23 and in fact did not have the authority to fire her. They claimed they talked to her merely about problems with her job performance—allegedly including insubordination, berating other employees, and spreading rumors that one employee was a spy——and then suspended her pending a hearing before the county's personnel review board. According to the defendants, the review board considered the reports of her job performance problems during a hearing on April 7, 1998, and after the hearing the board fired her. Blunt does not deny that a hearing occurred on April 7, but argues that it was a post-termination hearing because the defendants had already fired her on March 23.

Blunt did not file this case under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, or any other employment discrimination statute. Instead, she filed under 42 U.S.C. § 1983, alleging that the defendants acted under color of state law when they (1) fired her without a pre-termination hearing in violation of her right to due process, and (2) fired her in retaliation for filing charges of discrimination with the EEOC and ERD. The parties tried the case before a jury. The district court instructed jurors to consider Blunt's retaliation claim only if they first determined that the defendants violated her due process rights by firing her without a hearing. The jury determined that the defendants did not violate Blunt's due process rights, and so did not consider her retaliation claim.

Blunt argues that the district court erred by instructing jurors to consider her § 1983 retaliation claim only if they first

concluded that she suffered a due process violation. The right not to be retaliated against for filing a charge of discrimination is a right created by employment discrimination statutes, not by the Constitution. *Schroeder v. Hamilton Sch. Dist.*, 282 F.3d 946, 951 (7th Cir.), *cert. denied,* — U.S. ——, 123 S.Ct. 435, 154 L.Ed.2d 330, 71 U.S.L.W. 3155 (2002). A retaliation claim may, therefore, be brought only under Title VII or another applicable discrimination statute; it may not be brought under § 1983, which provides a remedy only for the deprivation of constitutional rights. *Id.* Blunt did not pursue relief under Title VII, and therefore the district court properly instructed jurors not to consider her retaliation claim.

Blunt's attorney claimed during oral argument that our decision in *Gray v. Lacke,* 885 F.2d 399, 414 (7th Cir.1989), supports the proposition that a retaliation claim may be brought under § 1983 as long as it is combined with allegations of discrimination. That argument misapprehends *Gray.* In *Gray,* we held that "Section 1983 provides a remedy for deprivation of constitutional rights. It supplies no remedy for violations of rights created by Title VII. Only when the underlying facts support both a Title VII and a constitutional deprivation claim can a plaintiff maintain an action under § 1983 and bypass the procedural requirements of Title VII." *Id.* We affirmed the dismissal of the plaintiff's § 1983 retaliation claim because she had not alleged a constitutional deprivation, but rather alleged merely that she was retaliated against because of her conduct (filing a grievance). *Id.* Likewise, Blunt alleged only that she was retaliated against because she filed charges with the EEOC and ERD, not because of her race or sex. Therefore she has alleged only a Title VII, not a constitutional, claim of

retaliation and so the district court properly dismissed her § 1983 retaliation claim.

We also note that the record does not reflect that Blunt objected in the district court to the jury instructions about which she now complains. In fact, the instructions delivered by the district court closely resemble the instructions Blunt submitted before trial as proposed instructions. Because Blunt failed to object to the instructions in the district court, she waived any challenge to them on appeal. Fed.R.Civ.P. 51; *Chestnut v. Hall,* 284 F.3d 816, 820 (7th Cir.2002).

For the reasons stated above, we AFFIRM the judgment of the district court.